UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS JACKSON,

          Plaintiff,

    -against-

C.O. "JHON" ACEVEDO,
C.O. "JHON" SANTIAGO,
C.O. "JHON" SANTOS,
C.O. "JHON" BROWN,
C.O. P. BAILEY, Doctor Richard D'Amico,
C.O. B. CURRY,
NURSE "JANE DOE",
SERGENT "JHON KNIGHT,
DOCTOR "JHON" LEE,
CAPTIN "JHON" BERTONE,
COMMISSIONER HEARING
OFFICER A. POLIZZI,
SUPERINTENDENT
JAMIE M. LAMANNA,
LIEUTENANT "JHON" CONNORS,
NURSE A. FERGUSON,
DOCTOR V. MONNOVA,
DIRECTIVE OF SPECIAL
HOUSING D. VENETTOZZI,
NURSE " JANE DOE"

Sued in their individual and in their official capacities,
Defendants.

COMPLAINT
Civil Action No _____

Jury Trial Demanded

RECEIVED
AUG 1 8 2020
PRO SE OFFICE

# Introduction

This is a civil rights action filed by Thomas Jackson, for damages and injunctive relief under 42 U.S.C. Section 1983, alleging C.O. brutality and denial of medical care in Violation of the Eighth Amendment to the United States Constitution, retaliation in Violation of the First Amendment to the United States Constitution, and confinement in Segregation in Violation of the Due Process Clause of the Fourteenth Amendment to the Constitution.

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State law, of rights Secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiffs Seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's Claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of New York is an appropriate Venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFFS

3.    Plaintiff, Thomas Jackson, is and was at all times mentioned herein a prisoner of the State of New York in the custody of the New York Department of Corrections. He is currently confined in Clinton Corr. Fac. P.O. Box 2001 Dannemora, New York 12929.

## III. DEFENDANTS

4. Defendant "Jhon" Acevedo was at all relevant times herein a Correctional officer at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this Complaint held the rank of a C.O.

5. Defendant "Jhon" Santiago was at all relevant times herein a C.O. at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a C.O.

6. Defendant "Jhon" Santos was at all relevant times herein a C.O. at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a C.O.

7. Defendant "Jhon" Brown was at all relevant times herein a C.O. at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a C.O.

8. Defendant P. Bailey was at all relevant times herein a Corr. officer at Sing sing correctional Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a C.O..

9. Defendant R. Curry was at all relevant times herein a C.O. at Sing Sing Corr. Fac. 354 hunter street ossining New York 10562. Defendant at all times mentioned in this Complaint held the rank of a C.O..

10. Defendant Sergeant "Jhon" Knight was at all relevant times herein a sergeant at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a Sergeant.

11. Defendant nurse "Jane Doe" was at all relevant times herein a nurse at Sing Sing Corr. Fac. 354 hunter Street ossining New York 10562. Defendant at all times mentioned in this complaint held the rank of a nurse.

12. Defendant Doctor "Jhon" Lee was at all relevant times herein a Doctor at Shawangunk Corr Fac, P.O. Box 700 walkill New York 12589. Defendant at all times mentioned in this Complaint held the rank of a Doctor.

13. Defendant Captin "Jhon" Bestone was at all relevant times herein a captin at Shawangunk Corr. Fac., PO. Box 700 walkill, New York 12589.

Defendant at all times mentioned in this complaint held the rank of a Captin.

14. Defendant A. Polizz was at all relevant times herein a commissioner hearing officer at Shawangunk Corr. Fac., P.O. Box 700 Walkill, New York 12589. As the commissioner hearing officer, Defendant A. Polizzi conducts Superintendent disciplinary hearings.

15. Defendant Jamie M. Lamanna was at all relevant times herein a superintendent at Shawangunk corr. Fac. P.O. Box 700 Walkill, New York 12589. As Superintendent of the prison, defendant's manages its day to day operations and executes its polices and reviews tier three disciplinary hearings.

16. Defendant Lieutenant "Jhon" Connors was at all relevant times herein a Lt. at Shawangunk corr. Fac. P.O. Box 700 Walkill, New York 12589. Defendant at all times mentioned in this complaint held the rank of a Lieutenant.

17. Defendant A. Ferguson was at all relevant times herein a nurse at Mid-State Corr. Fac. P.O. Box 2500, Marcy New York 13403. Defendant at all times mentioned in this complaint held the rank of a nurse.

18. Defendant Doctor V. Monnova was at all relevant times herein a doctor at Mid-State Corr. Fac. P.O. Box 2500 Marcy New York 13403.

19. Defendant at all times mentioned in this complaint held the rank of a Doctor.

20. Defendant D. Venettozzi was at all relevant times herein a director of special housing unit at the Harriman State campus building 2, 1220 Washington Avenue, Albany New York 12226-2050. Defendant D. Venettozzi is in charge of review of administrative appeals. Defendant at all times mentioned in this complaint held the rank of a Special housing unit director.

21. Defendant Doctor Richard D'Amico was at all relevant times herein a Doctor at Clinton Corr. Fac. P.o. Box 2001 Dannemora, New York 12929. Defendant at all times mentioned in this complaint held the rank of a Doctor.

III. FACTS

22. On June 29th, 2017, plaintiff was set up with a fabricated misbehavior report out of retaliation because of a prior grievance plaintiff try to File.

23. The misbehavior report was dismissed on 9/15/2017.

24. Plaintiff was released back into general population on keeplock status pending a tier 3 misbehavior report from 9/11/2017.

25. Plaintiff filed a grievance and gave it to a unidentified

C.O. who ripped the plaintiff's grievance in front of his face.

26. Plaintiff was taken out of his cell by officer Acevedo in B-block and put in handcuffs behined his back, at 8:00 AM, on 9/17/2017

27. Officer Acevedo stated to plaintiff, "we will get you out of Sing sing one way or another, because you like to write grievances.

28. Plaintiff was then escorted by C.O. Alevado to 7 building.

29. There was about six officers and a sergeant waiting in front of 7 building.

30. C.O. Acevedo held on to plaintiff from behined while in handcuffs.

31. Officer Brown from A-block, upercuted plaintiff with a pounch to his stomach, and plaintiff droped to the floor.

32. C.O. Brown, C.O. Santiago, C.O. Santos, and C.O. Acevedo started kicking and pounching and pushing and stomping plaintiff all over his body, while Sergeant Knight stood by and did nothing.

33. Plaintiff was then draged into an area of the facility hospital by the C.O.'s and beat for about ten minutes, while this was going on, Sergeant Knight stated, "we got ya, but you will no try to file another grievance.

34. Plaintiff was brought still in handcuffs to see nurse "Jane Doe" who refused to take a statement and provide medical attention to the plaintiff.

35. Plaintiff complained to the nurse about back and leg pain.

36. Nurse "Jane Doe" only documented one laceration down on plaintiff's rist to try and cover up the assault.

37. Plaintiff was taken to the box by C.O. Pernaira and C.O. Moore. Plaintiff told the officers that he was set up and assaulted while in handcuffs.

38. Plaintiff was in great pain and could not move, plaintiff started to vomit all over the cell floor.

39. Plaintiff was taken back to medical in a wheel chair by officer Moore.

40. Nurse "Jane Doe" gave plaintiff something for his throat so the acid does not burn plaintiff's throat. Plaintiff was complaining about the pain in his body. The nurse refused to send plaintiff to the out side hospital.

41. Plaintiff was sent back to the box.

42. Plaintiff was sent back to medical, because he was in so much pain and was having breathing problems.

43. Nurse "Jane Doe" refused to give plaintiff medical attention by not send him to the out side hospital.

44. Plaintiff wrote a grievance wone in the box about the retaliation and physical assault and lack of ~~medical~~ medical treatment. Plaintiff gave his grievance to an unidentified officer.

45. Plaintiff was transferred to Shawangunk Corr. Fac. on 9/17/2017, at 10:00 PM. Plaintiff was being video recorded during the transfer and stated that he was assaulted and set up by officers at Sing Sing Corr. Fac..

46. Plaintiff was examined upon ~~arrive~~ arrival to Shawangunk by a nurse in intake, plaintiff told the intake nurse about the assault.

47. Plaintiff was sent to the box because of the fabricated misbehavior report from Sing Sing Corr. Fac.

48. Plaintiff was sent to the infirmary on a streches because of the pain and he could not move, this was also being recorded. This was on 9/19/2017 in the AM.

49. Plaintiff was examined by Doctor lee, and was giving a walker and pain medication. This was also recorded.

50. Plaintiff was giving a anama which was a tube filled with a liquid which had to be squeezed up plaintiffs rectum so he could

use the bathroom, this happend three different time by a nurse.
Plaintiff had to take a powder substance everyday, so he
could use the bathroom because of the pain.

51. Plaintiff wrote to sick call and filed a grievance complaining
about back and leg pain. Plaintiff requested for a MRI.

52. Plaintiff was giving an X-ray, which came back negative.

53. Plaintiff was transfered to albany medical hospital
on 10/31/2017, for a EMG. The results came back negative.

54. Plaintiff complained through sick call and wrote
another grievance about his leg pain, which a huge lump had
developed on up left thigh.

55. plaintiff was examined and giving a medical shaver pass
because of the lump and back pain.

56. Plaintiff filed a grievance on Doctor lee, because he did
not put plaintiff in for a MRI and physical therapy. Plaintiff
states he was not being provided proper medical.

57. While Plaintiff was in Groveland infirmary, he
was interviewed by lieutenant Connors, who tried to
hender Plaintiff's investigation about the assault that
took place at sing sing Corr. fac.

58. Plaintiff filed a grievance about Lt. Connors misinformation about the assault.

59. Plaintiff was giving a misbehavior report on 10/10/2017

60. Commissioner's hearing officer A. Polizzi Conducted the hearing.

61. Plaintiff plead not guilty, to weapon, violent conduct, assault on inmate and assault on staff, Fighting, Property Damage and Refusing Direct order.

62. Plaintiff submitted into evidence a official document of the Go around Sheet, which Plaintiff was marked down as being in his cell. See (EX).A, the go around supported the Plaintiff's defense of retaliation.

63. Plaintiff request documentary evidence of the facility operation manual of the go around Sheet so he could use the policies and procedure to support his defense that all go arounds are final and that the officers only take one go around for the AM.

64. Plaintiff was denied the policies and procedure of the Sing Sing go around by A. Polizzi.

65. Plaintiff was found guilty on all charges even though Plaintiff provided exculpatory evidence to show he was set up with a fabricated misbehavior report by C.O. R. Curry and C.O. P. Bailly.

66. While in the infermary at Shawangunk corr. fac., Plaintiff's wife came to visit.

67. Captin Berlone stated to the plaintiff "you like grieving my staff, you will not be provided with your walker."

68. Plaintiff was in great pain, plaintiff was being recorded on the way to the visit room. Plaintiff stated to the video camera that he was being denied his walker, which was not even approved by a doctor.

69. It took plaintiff about 30 minutes to reach his visit because of the pain.

70. Plaintiff appealed his misbehavior report to the Superintendent of Shawangunk, who is Jamie N. Lamanna, who affirmed Plaintiff's charges.

71. Plaintiff then appealed to D. Venettozzi, the Director of Special housing unit who affirmed the charges.

72. Plaintiff was then transferred to Southport special housing unit, on 1/10/2018.

73. Plaintiff was still in alot of pain, plaintiff spoke to the intake nurse "Jane Doe" about his medical condition.

74. Plaintiff told the nurse "Jane Doe" that he was beat and set up by officers at Sing Sing Corr. Fac.

75. Plaintiff stated to the intake nurse "Jane Doe" that he was supposed to see a doctor for a follow up from his privous Corr. Fac. at Shawangunk.

76. Plaintiff stated to the intake nurse "Jane Doe" that it was documented in his medical file that he has a flats and shower medical pass.

77. Plaintiffs injusies were documented down, and Plaintiff Showed the intake nurse "Jane Doe" his lump protruding out of his left uper thigh.

78. Plaintiff was still forced to walk up 2 flights of stairs and forced to take regular showers, which plaintiff was in great pain, despite plaintiff medical documents.

79. Plaintiff filed a grievance about not receiving medical showers and being on the second floor, and plaintiff requested a MRI because of the pain.

80. Plaintiff was transferred to five points Corr. Fac. because he was suicidal because of the pain in his leg and back.

81. Plaintiff told the mental health about being assaulted at Sing Sing corr. fac., and showed mental health the lump in his leg and described the pain.

82. Plaintiff was then transferred back to South port Corr. Fac.

83. There was a continuation of lack of medical care.

84. Plaintiff was transferred to Mid-State Corr. Fac. Box.

85. Upon arrival Plaintiff informed the intake nurse of his medical problems.

86. Plaintiff filed a sick call slip about the lump in his left upper thigh and lower back pain.

87. Plaintiff was seen by 3 different nurses who documented Plaintiffs lump and pain.

88. Plaintiff was seen by Nurse A. Ferguson who lied and said she took me out for a physical examination.

89. Nurse A. Ferguson tried to prevent Plaintiff from geting proper medical.

90. Plaintiff filed a grievance about lack of medical treatment, which was a continuation.

91. Plaintiff became suicidal because of the pain, and was sent to mental Health for about ten days.

92. Plaintiff told mental Health that he was in great pain and, it was because he was assaulted by officers in Sing Sing Corr. Fac, which mental Health documented down.

93. Plaintiff Filed many more grievances until he was seen by doctor V. Mannava on 7/31/2018.

94. Plintiff informed Doc. V. Mannava of his injuries and told him that he was assaulted by correctional officers at Sing Sing corr. fac.

95. Plaintiff was then examined, which Doc. V. Mannava seen plaintiff's left up thigh.

96. Plaintiff told Doc. V. Mannava that he also has lower back pain.

97. Plaintiff requested for a MRI for his left uper thigh and back.

98. Plaintiff also requested for a medical shower pass and a handicap cell, because plaintiff fell in a shower that was not a handi cap shower.

99. Plaintiff was giving a MRI on 9/5/2018.

100. Plaintiff's results for his left uper thigh came back positive for injury.

101. Plaintiff did not receive a MRI for his back.

102. Plaintiff's MRI results came back positive and plaintiff still did not receive physical therapy and a handicap cell.

103. Plaintiff grieved that he was not receiving the proper medical care and that he was in pain.

104. Plaintiff was transferred to Clinton Corr. Fac. on 3/5/2019

105. Plaintiff filed many sick call slips and was seen by the nurse.

106. Plaintiff was examined by doctor Richard D'Amico.

107. Plaintiff was giving physical therapy for a month.

108. Plaintiff was denied a medical shower pass and medical flats pass.

109. Plaintiff wrote another grievance about his pain in his left upper thigh and back pain, plaintiff request for another MRI for his left leg and a MRI for his back.

110. Plaintiff was taken out for a 3rd MRI for his upper left thigh, which came back positive for the same injuries.

111. Plaintiff filed a grievance about not seeing a specialist and not receiving a MRI for his back.

## IV. EXHAUSTION OF LEGAL REMEDIES

112. The plaintiff has exhausted his administrative remedies with respect to all Claims and all defendants.

## V. LEGAL CLAIMS

113. Plaintiffs realleage and incorporate by reference Paragraphs 1-112

114. The actions of defendants "Jhon" Acevedo, "Jhon" Santiago, "Jhon" Santos, "Jhon" Brown, and Sergeant "Jhon" Knight in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the united states Constitution.

115. The actions of defendants "Jhon" Acevedo, "Jhon" Santiago, "Jhon" Santos, "Jhon" Brown, ~~and~~ R. Curry, P. Bailey and Sergeant "Jhon" Knight ~~the~~ of retaliation against plaintiff because he tried to file a grievance violated the plaintiffs' First Amendment of the united States Constitution.

116. The actions of A. Polizzi in refusing to retriev documentary evidence of the polcies and procedure of the go around Sheet, no evidence to support the Charges, and of Jamie M.Lamanna and D. Venettozzi denied the plaintiff due process of law in upholding the disciplinary decision in violation of the Fourteeth Amendment to the united States Constitution.

117. The action of Captin "Jhon" Bertone by refusing plaintiff his walker to a visit constituted deliberate indifference to the plaintiffs medical needs, in violation of the Eighth Amendment of the United States Constitution.

118. The action of Lieutenant "Jhon" Connors by trying to hender the plaintiff's investigation by giving false misinformation denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.

119. The action of Nurse "Jane Doe" from Sing Sing Corr. Fac. ~~to give~~ failure to give plaintiff medical attention ~~by every plaintiff~~ and failure to send plaintiff to the hospital, constituted deliberate indifference to plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

120. The action of Doctor "Jhon" Lee to not send plaintiff out to get a MRI and failure to provide physical therapy, constituted deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States constitution.

121. The action of Intake nurse "Jane Doe" from Southport Corr. Fac, to not provide plaintiff with a flats pass from medical, shower medical pass and request a MRI, constituted deliberate indifference to plaintiffs serious medical needs in violation of the Eighth Amendment to the United States constitution.

122. The actions of Nurse A. Ferguson in refusing to provide medical attention, constituted deliberate indifference to the plaintiff's serious medical needs in violation of Eighth Amendment to the United States Constitution.

123. The actions of Doctor V. Monnova in refusing to order physical therapy, medical shower pass, medical flats pass and a delay for MRI, constituted deliberate indifference to the plaintiffs serious medical needs in violation of the Eighth Amendment to the United States Constitution.

124. The actions of Doctor Richard D'Amico to not follow up on medical treatment after a 2nd MRI came back positive for the same injury, not sending plaintiff out to see a specialist, not ordering a medical shower pass, not ordering a flats pass, constituted deliberate indifference to the plaintiffs serious medical needs in violation of the Eighth Amendment to the United States constitution.

125. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

# VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

126. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

127 A preliminary injunction ordering defendant Doctor Richard D'Amico to put plaintiff in to see a specialist for the lump in his uper left thigh and order a MRI for plaintiffs back.

128. Compensatory damages in the amount of $ 20,000 against each defendant, jointly and severally.

129. Punitive damages in the amount of $ 40,000 against each defendant.

130. A Jury trial on all issues triable by Jury

131. Plaintiff's costs in this suit

132. Any additional relief this court deems Just, Proper, and equitable

Dated: 8/10/2020

Respectfully Submitted,

Thomas Jackson Din-12A3039
Clinton Cort. Fac.
P.o. Box 2001
Dannemora, New York 12929

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Clinton Corr. Fac.
P.O. 2001
Dannemora, New York 12939

Sig: Thomas Jackson

print: Thomas Jackson

Go Ahead - 10:22

### CODES

Exhibit (A):

CERTIFIED MAIL

U.S. POSTAGE PAID
PO BOX 1
DANNEMORA, NY
12929
AUG 13, 20
AMOUNT
**$0.00**
R2305H12681902

1029    10007

CLINTON CORRECTIONAL FACILITY
P.O. BOX 2001
DANNEMORA, N.Y. 12929

NAME: Thomas Jackson    DIN#: 12A3039

6648 3345

USM P3

NEOPOST
08/13/2020
US POSTAGE **$012.30**

ZIP
041M11272305

Clinton
★
Correctional Facility

# S.H.U. LEGAL MAIL