UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS JACKSON,

                              Plaintiff,

              -against-

C.O. JHON ACEVEDO, *et al.*,

                              Defendants.

20-CV-6655 (CS)

PARTIAL TRANSFER ORDER &
VALENTIN ORDER

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under the Court's federal question jurisdiction, alleging that Defendants violated his federal civil rights. By order dated August 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] Plaintiff sues 18 defendants and asserts claims arising at five correctional facilities (Sing Sing, Shawangunk, Mid-State, Southport, and Clinton). Plaintiff seeks immediate injunctive relief in the form of medical treatment and reasonable accommodations.

For the reasons set forth below, the Court severs Plaintiff's claims arising at Shawangunk, Mid-State, Southport, and Clinton, and transfers those claims to the United States District Court for the Northern District of New York. Plaintiff's claims arising at Sing Sing will remain in this District.

**BACKGROUND**

The complaint sets forth the following allegations. In September 2017, Sing Sing Correction Officers Acevedo, Santiago, Santos, Brown, P. Bailey, R. Curry, and Sergeant Knight

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

assaulted Plaintiff in retaliation for Plaintiff's filing of grievances.[2] Nurse Jane Doe minimized

Plaintiff's injuries to "cover up" the assault, and denied him adequate medical treatment for back

and leg pain. (ECF 2 ¶¶ 22-44.)

Shortly thereafter, Plaintiff was transferred to Shawangunk Correctional Facility, and put

in punitive segregation because of a false misbehavior report from Sing Sing. At Shawangunk,

Plaintiff was sent to the infirmary on a stretcher because he "could not move" and was given pain

medication and a walker. Captain Bertone denied Plaintiff use of his walker on unspecified dates.

Diagnostic tests were performed, but a "huge lump [that] developed" on Plaintiff's upper left

thigh was not meaningfully treated. (*Id.* ¶¶ 47-71.)

On October 10, 2017, Plaintiff received another allegedly false misbehavior report.

Polizzi conducted a disciplinary hearing, but failed to provide Plaintiff with "the policies and

procedure of the Sing Sing go around" which would have "provided exculpatory evidence" and

shown that Plaintiff had been "set up." Plaintiff was found guilty on all charges. LaManna and

Venettozzi "affirmed" the charges. (*Id.*)[3]

Plaintiff became suicidal, and between January 1, 2018, and March 5, 2019, he was

transferred to Southport, Five Points, Mid-State, and finally to Clinton, where he remains. In

---

[2] Plaintiff has a pending action asserting that in May 2017, Sing Sing Sergeant E. Pagan retaliated against him for filing grievances. *See Jackson v. Pagan,* ECF 7:20-CV-5176, 7 (VB) (S.D.N.Y.).

[3] Plaintiff has a pending action asserting that Sing Sing Sergeant T. Brooks; Polizzi, LaManna, and Venettozzi violated his right to disciplinary due process in connection with an October 2017 hearing at Shawangunk. It does not appear that the allegations in this complaint relate to the same disciplinary proceeding. *See Jackson v. Polizzi,* ECF 7:20-CV-3105, 7 (PMH) (S.D.N.Y.) (asserting that Sing Sing Sergeant T. Brooks; Polizzi, LaManna, and Venettozzi violated his right to disciplinary due process in connection with an October 2017 hearing at Shawangunk). Plaintiff does not mention the 2017 Sing Sing assault in 20-CV-3015. Plaintiff requested that the matter not be transferred to the Northern District of New York, notwithstanding the fact that the disciplinary hearing took place at Shawangunk, which is located in Ulster County. (ECF 7:20-CV-3105, 6.)

each of these institutions, Plaintiff has been denied adequate medical treatment and reasonable accommodations, including a "medical shower pass" and "medical flats pass." (*Id.* ¶¶ 72-111.)

Plaintiff names the following defendants from Sing Sing: Sergeant Knight, Nurse Jane Doe, and six Corrections Officers (Acevedo, Santiago, Santos, Brown, P. Bailey, and R. Curry).[4] He also names: (1) at Shawangunk Correctional Facility, Captain Bertone, Dr. Lee, Hearing Officer A. Polizzi, Superintendent Jamie LaManna, and Lieutenant Connors; (2) at Mid-State Correctional Facility, Dr. Monnova and Nurse Ferguson; (3) at Clinton Correctional Facility, Dr. Richard D'Amico; (4) at Southport Correctional Facility, Nurse Jane Doe; and (5) in the New York State Department of Corrections and Community Supervision (DOCCS) Albany office, Director of Special Housing D. Venettozzi. Plaintiff does not name any Five Points defendant.

## DISCUSSION

### A.  Severance of Claims Arising at Shawangunk, Mid-State, Southport, and Clinton

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co.*

---

[4] Plaintiff appears to use "Jhon" as a placeholder for unknown first names.

3

*v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Joinder of the Sing Sing Defendants with the Defendants at Shawangunk, Southport, Mid-State, and Clinton does not comport with Rule 20(a). Plaintiff's claims against the Sing Sing Defendants relate to an alleged assault by corrections officers and a "cover up" and denial of medical treatment in the immediate aftermath of the assault. These claims are not logically connected to Plaintiff's claims against Shawangunk, Southport, Mid-State and Clinton in connection with the denial of due process in disciplinary proceedings, and the ongoing denial of medical attention and reasonable accommodations almost three years later. *See, e.g., Smith v.*

*Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later); *Webb v. Maldanado*, No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims.") (quotation and citation omitted).

For these reasons, the Court concludes that it is appropriate to sever Plaintiff's claims arising at Sing Sing from his claims arising at Shawangunk, Mid-State, Southport, and Clinton. The Court therefore severs Plaintiff's claims arising at Shawangunk, Mid-State, Southport, and Clinton, which are brought against Captain Bertone, Dr. Lee, Hearing Officer A. Polizzi, Superintendent Jamie LaManna, Lieutenant Connors, Dr. Monnova, Nurse Ferguson, Dr. Richard D'Amico, Southport Nurse Jane Doe, and Director of Special Housing D. Venettozzi.

**B.     Transfer of Claims Arising at Shawangunk, Mid-State, Southport, and Clinton**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

The events giving rise to Plaintiff's claims arising at Shawangunk, Mid-State, and Clinton occurred in Ulster County, Oneida County, and Clinton County, respectively, all of which are located in the Northern District of New York. *See* 28 U.S.C. § 112(a). Southport is located in Chemung County, which falls within the Western District of New York. *See* 28 U.S.C. § 112(d). It is unclear from the complaint whether all defendants reside in New York or whether any defendant resides in this District. Venue for Plaintiff's claims arising at Shawangunk, Mid-State, Southport, and Clinton therefore do not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer of the severed claims appears to be appropriate in this case. The events underlying the severed claims occurred primarily in counties falling within the Northern District of New York.[5] *See* 28 U.S.C. § 112(a). Plaintiff is currently incarcerated in Clinton Correctional Facility, and he seeks immediate injunctive relief. Venue for the severed claims is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer the severed claims to the United States District Court for the Northern District of New York.[6] 28 U.S.C. § 1404(a). Plaintiff's claims arising at Sing Sing will remain in this District.

---

[5] Plaintiff provides an Albany address for Defendant Venettozzi; Albany also falls within the Northern District of New York. *See* 28 U.S.C. § 112(a).

[6] Whether the claims arising at Southport Correctional Facility should be severed and transferred to the Western District of New York is a decision left to the transferee court.

C.      **Request for Order to Show Cause**

Plaintiff has filed a proposed order to show cause seeking a preliminary injunction and temporary restraining order. Plaintiff asks to be seen by a specialist, for an "MRI for" his back, and for "a medically appropriate course of physical therapy to the plaintiff designed to restore and maintain the full function of his left upper thigh and back." (ECF 6 at 1.)

To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff alleges that he is being denied adequate treatment for injuries he sustained in September 2017, and he seeks an order directing Clinton Correctional Facility to schedule an appointment with a specialist who can order diagnostic testing and physical therapy. On these allegations, the Court finds that Plaintiff has not carried his burden to show that he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. The Court therefore denies the motion without prejudice to Plaintiff's renewing his application in the Northern District of New York.

D.      **Valentin Order**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Moreover, under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).

In the complaint, Plaintiff supplies sufficient information to permit the New York State Office of the Attorney General to identify the Sing Sing Defendants named in this complaint (Sergeant Knight, Nurse Jane Doe, and six Corrections Officers (Acevedo, Santiago, Santos, Brown, P. Bailey, and R. Curry)). It is therefore ordered that the New York State Office of the Attorney General, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identities and badge numbers of each Sing Sing Defendant whom Plaintiff seeks to sue here and the addresses where these defendants may be served.[7] The New York State Office of the Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint providing the full names and badge numbers of each Doe defendant. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk's Office to prepare the necessary paperwork to effect service.

---

[7] If a Doe defendant is not a current or former DOCCS employee, the New York State Office of the Attorney General must provide a residential address where that individual may be served.

9

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to sever the claims against Defendants Captain Bertone, Dr. Lee, Hearing Officer A. Polizzi, Superintendent Jamie LaManna, Lieutenant Connors, Dr. Monnova, Nurse Ferguson, Dr. Richard D'Amico, Southport Correctional Facility Nurse Jane Doe, New York State Department of Corrections and Community Supervision (DOCCS) Director of Special Housing D. Venettozzi, and transfer the action involving those defendants, under 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of New York.[8]

Finally, the Clerk of Court is directed to mail a copy of this order and the complaint to the Office of the New York State Attorney General at: 28 Liberty Street, New York, N.Y. 10005. An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

---

[8] Plaintiff's claims against the following Sing Sing Defendants will remain in this District: Corrections Officers Acevedo, Santiago, Santos, Brown, P. Bailey, and R. Curry, Sergeant Knight, and Nurse Jane Doe.

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     September 4, 2020
           White Plains, New York

_____
           CATHY SEIBEL
           United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                     State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Page 3

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____