UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
THOMAS JACKSON,

                         Plaintiff,

            - against -

SERGEANT THOMAS KNIGHT, et al.

                       Defendants.
-------------------------------------------------------------- X

Case No. 20-Civ-6655 (CS)

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

LETITIA JAMES
Attorney General of the State of New York
*Attorney for the Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8591

JOHN R. DORAN
Assistant Attorney General
    *of Counsel*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF THE ALLEGATIONS | 2 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | 4 |
| POINT I  PLAINTIFF FAILED TO STATE A DUE PROCESS CLAIM BECAUSE PLAINTIFF HAS NO CONSTITUTIONAL RIGHT TO BE FREE FROM FALSE ACCUSATIONS AND THE AMENDED COMPLAINT FAILS TO PLAUSIBLY ALLEGE A LIBERTY INTEREST, INSUFFICIENT PROCESS, OR A RETALIATION CLAIM | 4 |
| POINT II  PLAINTIFF HAS FAILED TO ALLEGE ANY DELIBERATE INDIFFERENCE CLAIM AGAINST NURSE BRYANT | 7 |
| POINT III  THE MOVING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY | 10 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page(s)**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 2-3, 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 3-4

*Boddie v. Schnieder*,
  105 F.3d 857 (2d Cir. 1997) ........................................................................................................ 4

*Chance v. Armstrong*,
  143 F.3d 698 (2d Cir. 1998) .............................................................................................. 8-10, 12

*Church v. Hegstrom*,
  416 F.2d 449 (2d Cir. 1969) ........................................................................................................ 8

*Cowan v. Breen*,
  352 F.3d 756 (2d Cir. 2003) ...................................................................................................... 11

*Dichiara v. Pataki*,
  No. 06 Civ. 6123, 2007 WL 749742 (E.D.N.Y. Mar. 7, 2007) .................................... 8-10, 12

*Dolan v. Connolly*,
  794 F.3d 290 (2d Cir. 2015) ........................................................................................................ 5

*Dorsey v. Fisher*,
  468 F. App'x 25 (2d Cir. 2012) ................................................................................................... 5

*Estelle v. Gamble*,
  429 U.S. 97 (1976) .................................................................................................................. 8-9

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ................................................................................................................... 8

*Faulk v. Fisher*,
  545 Fed App'x 56 (2d Cir. 2013) ............................................................................................... 6

*Gill v. Pidlypchak*,
  389 F.3d 379 (2d Cir. 2004) ........................................................................................................ 5

*Gonzalez v. City of Schenectady*,
  728 F.3d 149 (2d Cir. 2013) ...................................................................................................... 11

*Jackson v. County of Rockland*,
  450 Fed. Appx. 15 (2d Cir. 2011) ............................................................................................... 3

*Jackson v. Onondaga Cnty.*,
    549 F.Supp.2d 204 (N.D.N.Y. 2008) ..................................................................................5

*Lewis v. Havernack*,
    No. 12 Civ. 31, 2013 WL 1294606 (N.D.N.Y. Mar. 28, 2013), *report and recommendation
    adopted*, 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013) ................................................6, 10

*Meachum v. Fano*,
    427 U.S. 215 (1976) ............................................................................................................7

*Patterson v. Patterson*,
    No. 1:16-CV-00844 EAW, 2019 WL 1284346 (W.D.N.Y. Mar. 20, 2019) .....................10

*Pearson v. Callahan*,
    555 U.S. 223 (2009) .................................................................................................... 10-11

*Rasheen v. Adner*,
    356 F.Supp.3d 222 (N.D.N.Y. 2019) .................................................................................4

*Salahuddin v. Goord*,
    467 F.3d 263 (2d Cir. 2006) ...............................................................................................8

*Saucier v. Katz*,
    533 U.S. 194 (2001) ..........................................................................................................11

*Sonds v. St. Barnabas Hosp. Corr. Health Servs.*,
    151 F. Supp. 2d 303 (S.D.N.Y. 2001) ...................................................................... 8-10, 12

*Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*,
    268 F. Supp. 3d 453 (W.D.N.Y. Aug. 3, 2017) .................................................................11

*Tirado v. Shutt*,
    No. 13 CIV. 2848 LTS AJP, 2015 WL 774982 (S.D.N.Y. Feb. 23, 2015), *report and
    recommendation adopted in pertinent part*, No. 13CV2848-LTS-AJP, 2015 WL 4476027
    (S.D.N.Y. July 22, 2015) ....................................................................................................6

*Town of Wolcott*,
    599 F.3d 129 (2d Cir. 2010) .............................................................................................11

*Wallace v. Fisher*,
    9:13-CV-1208, 2015 WL 64533 (N.D.N.Y. Jan. 5, 2015) .................................................5

*White v. Pauly*,
    137 S.Ct. 548 (2017) .........................................................................................................11

*Willey v. Kirkpatrick*,
    801 F.3d 51 (2d Cir. 1986) ...........................................................................................4, 11

*Williams v. Smith*,
    781 F.2d 319 (2d Cir. 1986) ................................................................................................... 4

**FEDERAL STATUTES**

42 U.S.C. § 1983 ............................................................................................................... passim

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8 ................................................................................................................................... 3
Rule 12(b)(6) ..................................................................................................................... 2, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
THOMAS JACKSON,                                                  :
                                                                 :   Case No. 20-Civ-6655 (CS)
                                        Plaintiff,               :
                                                                 :
            - against -                                          :
                                                                 :
SERGEANT THOMAS KNIGHT, et al.                                   :
                                                                 :
                                        Defendants.              :
---------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Defendants Correction Officer ("CO") Patrick Bailey, CO Renee Curry, and Nurse Debra Bryant[1] (collectively "Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their partial motion to dismiss the Amended Complaint ("AC"), *ECF Dkt. No. 13*, pursuant to Fed. R. Civ. P. 12(b)(6).[2]

*Pro se* plaintiff Thomas Jackson brings this *42 U.S.C. § 1983* action, alleging that CO Bailey and CO Curry purportedly issued Plaintiff a false misbehavior report as a means to cover-up an alleged assault, involving the other security defendants, occurring on September 17, 2017. *AC pg 8.*[3] Plaintiff also claims that Nurse Bryant failed to provide him with adequate medical care, following the alleged assault, and also attempted to cover-up the purported assault by not documenting all of Plaintiff's alleged injuries. *Id.* For the reasons discussed below, the Defendants respectfully request that the Court: (1) dismiss all claims against the Defendants pursuant to Fed.

---

[1] On April 8, 2021, Nurse Debra Bryant was substituted for Nurse Anne Basil. *See Dkt. No. 32*.
[2] This is a partial Motion to dismiss all claims made against Defendants Bailey, Curry, and Bryant. If this Motion is granted in its entirety, the excessive force and failure to protect claims against Sergeant ("Sgt") Knight, CO Acevedo, CO Santiago, CO Santos, and CO Brown would remain. These Defendants have filed an Answer to the AC dated May 11, 2021. *See Dkt. No. 38*.
[3] Reference to any AC page numbers are references to the pages as they appear on the ECF Docket, *Dkt. No. 13*. An ECF paginated copy of the AC will be provided to Plaintiff with the moving papers.

R. Civ. P. 12(b)(6) as Plaintiff has failed to allege any claim of relief, and (2) dismiss any remaining claim against the Defendants as they are entitled to qualified immunity.

## STATEMENT OF THE ALLEGATIONS[4]

Plaintiff alleges that, while incarcerated at Sing Sing Correctional Facility ("Sing Sing"), he was taken from his cell by an officer alleged to be CO Acevedo to the front of the 7 building where several officers and a sergeant where purportedly waiting. *A.C. pg 6*. Once there, an officer alleged to be CO Brown put handcuffs onto the Plaintiff and proceeded to uppercut him in the stomach causing Plaintiff to drop to the floor. *Id.* At this time, Plaintiff claims that officers alleged to be CO Brown, CO Santiago, CO Santos, and CO Acevedo assaulted the Plaintiff while an officer alleged to be Sgt Knight failed to intervene in the alleged assault. *Id.* According to Plaintiff, he was then brought to "a waiting area for inmates in the prison hospital" where the alleged officers continued the purported assault. *Id.* Following the alleged assault, Plaintiff claims that an officer alleged to be Sgt Knight stated, "we got you, I bet you will not try to file another grievance on Sergeant Pagan[, a non-party,] or beat another ticket." *Id. pg 6-7*.

Afterwards, Plaintiff claims that he was taken to the medical clinic where he was treated by Nurse Bryant (misidentified as Basil in the AC). *AC pg 7*. Once there, Plaintiff claims that Nurse Bryant would not take his statement regarding the alleged assault or provide him with medical treatment by sending him to an outside hospital or providing him with pain medication. *Id.* Plaintiff admits that Nurse Bryant documented several of his purported injuries but claims she failed to document others. *Id.* Plaintiff was then escorted to solitary confinement, by CO Pernairo and CO Moore, both non-parties, but later returned to the medical clinic after "[he] started to vomit

---

[4] The facts in Plaintiff's AC are recounted herein for purposes of this Motion only, without conceding their truth or plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

all over his cell floor." *AC pg 7-8.* Upon his return to the medical clinic, Plaintiff admits that Nurse Bryant provided him with "something for his throat so the acid [did] not burn" but claims she again refused to send him to an outside hospital. *Id.* Sometime thereafter, but presumably the same day, Plaintiff claims he returned to the medical clinic a third time where he was, again, treated by Nurse Bryant who purportedly refused Plaintiff's request to be sent to an outside hospital. *Id.*

Following the alleged assault, Plaintiff claims that he was transferred to another facility after being issued a purportedly false misbehavior report by CO Bailey and CO Curry as a means to cover-up the alleged September 17, 2017 incident and for filing unspecified grievances. *AC pg 8.*

## STANDARD OF REVIEW

While a *pro se* plaintiff's pleading must be "construe[d]…liberally", the complaint must allege more than "merely conclusory allegations masquerading as factual conclusions" in order to defeat a motion to dismiss. *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18, 19 (2d Cir. 2011). The Court need not accept as true allegations that lack factual foundation or are bare conclusions of the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the complaint is inadequate if it merely "'offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The pleading requirements under Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "[A] complaint [does not] suffice if it tenders

3

naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Where a plaintiff has failed to "nudge[ his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## ARGUMENT

### POINT I

### PLAINTIFF FAILED TO STATE A DUE PROCESS CLAIM BECAUSE PLAINTIFF HAS NO CONSTITUTIONAL RIGHT TO BE FREE FROM FALSE ACCUSATIONS AND THE AMENDED COMPLAINT FAILS TO PLAUSIBLY ALLEGE A LIBERTY INTEREST, INSUFFICIENT PROCESS, OR A RETALIATION CLAIM

"[An incarcerated individual] has no general constitutional right to be free from being falsely accused" by way of misbehavior report. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). The Second Circuit has noted two exceptions to this general rule: (1) where an incarcerated individual "was disciplined without adequate due process" as a result of the accusations; and (2) where the accusations were made "in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (quotation marks and citations omitted).

Here, the Court need not address the first exception to the general rule (disciplined without adequate due process) because Plaintiff has not alleged any allegations that he was discipline without insufficient process as a result of the misbehavior report. *See Willey*, 801 F.3d at 63. Moreover, Plaintiff has also not alleged that CO Bailey or CO Curry conducted the disciplinary hearing or were otherwise involved in any due process violations. *See Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986); *Rasheen v. Adner*, 356 F.Supp.3d 222, 239 (N.D.N.Y. 2019). As such, Plaintiff has failed to establish the first exception to the general rule that an incarcerated individual has no constitutional right to be free from false accusations. *Id*.

To the extent Plaintiff is claiming that the misbehavior report was issued out of retaliation, this claim is conclusory and fails to allege a facially plausible claim of retaliation. *See AC generally*. "To state an actionable claim for retaliation under the First Amendment, a[n incarcerated individual] must establish by a preponderance of the evidence that (1) the speech or conduct at issue was protected; (2) the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action." *Wallace v. Fisher*, No. 9:13-CV-1208, 2015 WL 64533 at *5 (N.D.N.Y. Jan. 5, 2015) (citing *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). "Courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration. Therefore, conclusory allegations alone are insufficient." *Wallace*, 2015 WL 64533 at *5 (citing *Jackson v. Onondaga Cnty.*, 549 F.Supp.2d 204, 214-15 (N.D.N.Y. 2008)); *see also Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (holding same); *see further Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (holding retaliation claims must "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms.") (citations omitted).

In this matter, Plaintiff fails at the outset to even identify the nature of the falsehood in the purportedly false misbehavior report. Beyond that, Plaintiff fails to establish at least one of the elements of a retaliation claim in that he alleges nothing more than a conclusory and speculative connection between his filing of unspecified grievances against non-parties, and CO Bailey and CO Curry's issuance of a misbehavior report. Such allegations as plead in the AC are precisely the type of "'naked assertions devoid of further factual enhancement'" that cannot survive this motion. *Ashcroft*, 556 U.S. at 678 (2009) (citations omitted). In any event, Courts regularly dismiss conclusory retaliation claims against officers who issue a purportedly false misbehavior report out of retaliation for an incarcerated individual filing a grievance, when the incarcerated individual

cannot establish that those officers were aware of or involved with the purported grievances filed. *See Tirado v. Shutt*, No. 13 CIV. 2848 LTS AJP, 2015 WL 774982, at *10 (S.D.N.Y. Feb. 23, 2015) (collecting cases), *report and recommendation adopted in pertinent part*, No. 13CV2848-LTS-AJP, 2015 WL 4476027 (S.D.N.Y. July 22, 2015) (partially rejecting the report and recommendation with respect to claims of menacing and intimidation that were in close proximity to an officer's alleged retaliatory conduct); *see also Faulk v. Fisher*, 545 Fed App'x 56, 59 (2d Cir. 2013) (granting summary judgment where officers who wrote allegedly retaliatory misbehavior reports were not involved in the grievance that purportedly motivated it). Here, although filing grievances is protected conduct, there are no allegations that CO Bailey or CO Curry were either named in the purported grievances filed by the Plaintiff or aware of any particular grievance filed by Plaintiff. Moreover, there are no allegations regarding when Plaintiff filed the purported grievances or how those grievances in anyway motivated the purported retaliatory conducted. *See e.g. Tirado*, 2015 WL 774982, at *10 ("*Faulk v. Fisher*, 545 F. App'x 56, 59 (2d Cir.2013) (summary judgment in favor of correction officers proper where inmate plaintiff failed to provide evidence that officers who wrote the allegedly retaliatory misbehavior reports were motivated by, named in, or even aware of the earlier grievance)"). In short, the AC alleges no factual connection between the purported grievances filed and the misbehavior report, let alone that either CO Bailey or CO Curry acted in such a way as to have retaliated against the Plaintiff for filing any grievance. Therefore, Plaintiff's First Amendment retaliation claim should be dismissed.

  To the extent Plaintiff is also claiming that the misbehavior report was issued as a means to cover-up the alleged assault, such claims are not actionable under § 1983 as "there is no constitutional right to be free from the cover-up of a past constitutional violation." *Lewis v.*

*Havernack*, No. 12 Civ. 31, 2013 WL 1294606, at *12 (N.D.N.Y. Mar. 28, 2013), *report and recommendation adopted*, 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013). Additionally, although it is unclear from the face of the AC, to the extent Plaintiff is also alleging that he had a liberty interest in remaining at facility of his choice, such allegations must be dismissed as an incarcerated individual has no liberty interest in remaining a particular facility. *See Meachum v. Fano,* 427 U.S. 215, 224 (1976) (holding an incarcerated individual has no constitutional right to be transferred to, or remain at, a facility of his choice). To the extent that Plaintiff claims that the transfer was retaliatory, again Plaintiff fails to allege a nonconclusory retaliatory motive and, in any event, nothing alleged suggests that CO Brown or CO Curry were responsible for the transfer.

Accordingly, Plaintiff's AC fails to establish either exception to the general rule and the claims against CO Bailey and CO Curry should be dismissed.

## POINT II

**PLAINTIFF HAS FAILED TO ALLEGE ANY DELIBERATE INDIFFERENCE CLAIM AGAINST NURSE BRYANT**

Plaintiff's conclusory assertion that he was not provided any medical treatment following the purported September 17, 2017 incident, is belied by the factual allegations as Plaintiff admits to receiving medical treatment in the form of "a walker, bed rest in the inf[ir]mary, medical shower pass, pain medication[,] physical therapy, a powder substance to use [in] the bathroom every[ ]day, [and] administered an enema three times" following the purported excessive force incident. *See e.g. AC at Injuries*. Moreover, Plaintiff also admits that on the day of the incident, he saw Nurse Bryant at least three times during which at least one of those medical visits she documented some of his purported injuries while during another she gave Plaintiff an unspecified medication "for his throat so the acid d[id] not burn". *ID. pg 7-8*. As such, it is clear that Plaintiff is actually challenging the sufficiency of the treatment he was provided. *See Id. generally*. Such claims, as discussed

7

below, fail to state an Eighth Amendment violation.

In order to state a claim for inadequate medical care under the Eighth Amendment, an incarcerated individual must plead two requirements: (1) the alleged deprivation of medical care must be "sufficiently serious," and (2), the officials in question must have acted with a "sufficiently culpable state of mind." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Deliberate indifference only exists when a prison official "knows of and disregards an excessive risk to [an incarcerated individual's] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw th[at] inference." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (quotation marks omitted).

An incarcerated individual, however, "is not entitled to the best healthcare possible or even to a choice among available treatment modalities; instead, the Constitution entitles [an incarcerated individual] only to reasonable measures to meet a substantial risk of serious harm." *Dichiara v. Pataki,* No. 106-CV-6123-ENV-LB, 2007 WL 749742, at *3 (E.D.N.Y. Mar. 7, 2007) (citations omitted). As such, "[i]f [the incarcerated individual]'s course of treatment is one about which reasonable doctors could disagree, an Eighth Amendment claim will not ordinarily lie", *Id.* (citations omitted), as "prison officials and medical officers have wide discretion in treating [incarcerated individuals], and Section 1983 is not designed to permit federal courts to interfere in the ordinary medical practices of state prisons", *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citing *Church v. Hegstrom*, 416 F.2d 449, 450-51 (2d Cir. 1969)). Stated another way, "[a] difference of opinion between a[n incarcerated individual] and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference." *Sonds*, 151 F. Supp. 2d at 311 (citations omitted). Accordingly, "disagreements over

medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim. [Rather, t]hese issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment." *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *see also Chance*, 143 F.3d at 703.

Here, the AC fails to establish either the subjective or the objective components of an Eighth Amendment Claim – namely that Nurse Bryant was aware of a serious risk to Plaintiff's medical needs and ignored that risk. Instead, Plaintiff's entire Eighth Amendment claim is predicated upon his assertion that he should have been sent to an outside hospital after making several requests for such treatment. However, even if Plaintiff did make such requests and those requests were disregarded by Nurse Bryant, they still fail to establish an Eighth Amendment violation because "prison officials and medical officers have wide discretion in treating [incarcerated individuals]", *Sonds,* 151 F. Supp. 2d at 311, and Plaintiff is "not entitled to the best healthcare possible or even to a choice among available treatment modalities". *Dichiara*, 2007 WL 749742, at *3. As such, Plaintiff has no right to be sent to an outside hospital. *Id.* Moreover, Plaintiff does not specify how his medical care would have been different had he been sent to the hospital. Accordingly, Plaintiff's deliberate indifference claim against Nurse Bryant that she did not send him to an outside hospital, fails as a matter of law.

To the extent Plaintiff also claims that Nurse Bryant did not prescribe him pain medication, this claim also fails to establish an Eight Amendment violation for the same reasons as noted above. *See supra*; *see also Sonds,* 151 F. Supp. 2d at 311; *Dichiara*, 2007 WL 749742, at *3. Even if Plaintiff were entitled to the best possible healthcare available, or a choice among his healthcare, this claim still fails to establish an Eighth Amendment violation because it is contradicted by

9

Plaintiff's admission that he was given pain medication following the purported excessive force incident. *See AC at Injuries*. Moreover, Plaintiff does not allege facts suggesting that Nurse Bryant had the authority to provide prescription medications. Therefore, Plaintiff has also failed to establish an Eighth Amendment violation with respect to this claim as well.

Finally, to the extent Plaintiff alleges that Nurse Bryant falsified a medical report, or failed to document all of his purported injuries, as part of a cover-up of the purported September 17, 2017 incident, *see AC pg 7*, such claims must also be dismissed because "there is no constitutional right to be free from the cover-up of a past constitutional violation", *Lewis*, 2013 WL 1294606, at *12, and a nurse's failure to document an incarcerated individual's injuries is not a constitutional violation nor does it plausibly plead a conspiracy claim, to the extent such claims can be liberally interpreted in this matter, *Patterson v. Patterson*, No. 1:16-CV-00844 EAW, 2019 WL 1284346, at *11 (W.D.N.Y. Mar. 20, 2019) (collecting cases). Moreover, Plaintiff does not allege how the purported failure to report Plaintiff's alleged injuries affected his medical care.

Simply put, Plaintiff's claims against Nurse Bryant in this matter are merely a recitation of his disagreements about his medical care, which do not establish any Eighth Amendment violation. *See Chance*, 143 F.3d at 703; *Dichiara*, 2007 WL 749742, at * 3. Moreover, the allegations alleged, "implicate medical judgments and, at worst, negligence amounting to medical malpractice" which is not an Eighth Amendment violation. *Sonds*, 151 F. Supp. 2d at 312 (citations omitted).

Accordingly, the claims against Nurse Bryant should be dismissed.

## POINT III

### THE MOVING DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

CO Bailey, CO Curry, and Nurse Bryant are, at a minimum, entitled to qualified immunity.

Qualified immunity is "an immunity from suit rather than a mere defense to liability," the "driving force" for which is a "desire to ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quotations omitted). Qualified immunity "attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 137 S.Ct. 548, 551 (2017) (internal citations omitted). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out [a] violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (citing *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Here, CO Bailey, CO Curry, and Nurse Bryant are entitled to qualified immunity because Plaintiff cannot "establish a constitutional violation, [and as such] the qualified immunity inquiry ends and the plaintiff may not recover." *Cowan v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001))*; see also Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*, 268 F. Supp. 3d 453, 457 (W.D.N.Y. Aug. 3, 2017) (dismissing plaintiff's claims because they were "at best, conclusory and fail[ed] to raise the specter of relief beyond the speculative level").

CO Bailey and CO Curry are further entitled to qualified immunity because the law is not clearly established that the issuance of a misbehavior report, by itself violates Plaintiff's rights, even if that misbehavior report contains false accusations unless Plaintiff can establish either exception to the general rule. *Willey*, 801 F.3d at 63. Here, as discussed in more detail above,

11

Plaintiff has failed to plausibly allege either exception to the general rule. *See supra*. As such, it would not have been clear to an officer in CO Bailey's or CO Curry's position that the actions they are alleged to have committed, namely issuing a misbehavior report, violated any of Plaintiff's clearly established rights. Therefore, CO Bailey and CO Curry should be dismissed from this matter based upon their qualified immunity.

Nurse Bryant is entitled to qualified immunity because Plaintiff has not shown that she violated Plaintiff's right to receive adequate medical care. Instead, Plaintiff has merely alleged his personal disagreements with his medical treatment, which does not implicate the Eighth Amendment. *Sonds,* 151 F. Supp. 2d at 311; *Chance*, 143 F.3d at 703. In any event, even if Nurse Bryant had the authority to send Plaintiff to an outside hospital or prescribe pain mediation, which the AC does not allege she had, her purported choices not to do either are simply that, choices in which a medical provider could disagree about which also does not implicate the Eighth Amendment. *Dichiara*, 2007 WL 749742, at *3. Moreover, since Plaintiff is challenging Nurse Bryant's medical judgment, the actions she is alleged to have committed would not permit an objectively reasonable medical provider, in her position, to have believed that she was violating any of Plaintiff's clearly established rights because medical providers have discretion in the course of an incarcerated individual's treatment. *Sonds,* 151 F. Supp. 2d at 311.

Accordingly, the Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss this action in its entirety with prejudice.

Dated: August 25, 2021
      White Plains, New York

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York
*Attorney for Defendants*
By:

*S/ John R. Doran*
John R. Doran
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8591
John.Doran@ag.ny.gov